## Pine Manor Homes, Inc., v. Duval (No. 2)

*Thomas J. Timoney*, for plaintiff.

*Ronald H. Isrealit* and *F. Kenneth Moore*, for defendants.

GERBER, J., September 11, 1959. — Pine Manor Homes, Inc., a Pennsylvania corporation, herein plaintiff, seeks to impose liability on the several defendants,

all of whom were directors and shareholders of Baederwood, Inc., prior to and during its dissolution. The original complaint in this action was dismissed by the opinion and order of this court, dated November 21, 1958, 17 D. & C. 2d 281, on the basis that plaintiff has no statutory remedy against defendants. The amended complaint, with which this opinion deals, premises the alleged liability of defendants to plaintiff on a common law right of action against directors and shareholders of a dissolved corporation for the improper distribution and receipt of corporate assets without making provision for the payment of liabilities. Defendants O'Brien and Coleman have filed preliminary objections in the nature of a demurrer to the amended complaint, averring that plaintiff has not stated a cause of action. The matter was argued before the court en banc and briefs submitted.

For purposes of passing on the demurrer, the amended complaint avers the following facts.

In the fall of 1952, Baederwood, Inc., entered into an agreement of sale with Ethel Katz or her nominee for the sale of certain property situate on the southwesterly side of Pine Tree Road, Abington Township. The agreement of sale contained the following provision:

"Baederwood, Inc. agrees to assume responsibility for collecting improvement costs chargeable against" certain named individuals.

Katz assigned her rights in the agreement of sale to plaintiff herein. On November 10, 1952, Baederwood, Inc., delivered a deed conveying the above-mentioned property to a straw party, who in turn deeded the property to plaintiff.

Plaintiff completed the improvements to Pine Tree Road on October 31, 1956, these being the improvements referred to in the above-mentioned agreement of sale.

In September 1955, prior to the performance of the Pine Tree Road improvements, Baederwood, Inc., dissolved and distributed assets in excess of $70,000 to its shareholders. Defendants O'Brien and Coleman were directors and shareholders of Baederwood, Inc., and both had knowledge of the responsibility of Baederwood, Inc., to collect the improvement costs and any contingent liability that would be involved at the time they, as directors and shareholders, formulated and carried out the plan of dissolution of Baederwood, Inc., and received shares of the assets as a result thereof. No provision was made for this responsibility or for the contingent or potential liability of Baederwood, Inc., that might be involved.

The amended complaint is premised on the decision of Heaney v. Riddle, 343 Pa. 453 (1942). In that case plaintiff signed a mortgage and bond in favor of the Fidelity Philadelphia Trust Company as mortgagee for $15,000. Several years later plaintiff conveyed the mortgaged land to the Riddle Corporation, under and subject to the mortgage. Ten years later the Riddle Corporation dissolved, the dissolution statement stating that there were no outstanding debts or liabilities of the corporation and all assets were distributed by the directors to themselves as sole shareholders. The mortgaged property came into the hands of defendant Riddle, a director and shareholder of the dissolved corporation. Ten years later there was a default on the mortgage and after foreclosure and sale, plaintiff was forced to pay a deficiency judgment to the mortgagee in the amount of $12,000. Plaintiff thereupon brought suit against the directors of the dissolved Riddle Corporation, as liquidating trustees, to recover the money plaintiff had paid to the mortgagee. The Supreme Court held that the Riddle Corporation had an obligation to indemnify plaintiff against loss by reason of the mortgage encumbrance, that the dissolution of Riddle

Corporation ignored this contingent liability and that the dissolution statements of no debts or liabilities were not in accord with the facts. The court went on to explain that the assets of a dissolved corporation constitute a trust fund for creditors and when defendants, as liquidating trustees, distributed the assets among themselves as shareholders, they made themselves personally liable by reason of the breach of trust to a creditor whose right to priority could not be thus destroyed.

In essence, the court held that a claim arising against the corporation after dissolution is not impaired by reason of the prior distribution of assets of the dissolved corporation, if such distribution was not effected in accordance with the law.

By way of dicta the court in the Heaney case stated that defendants would have been protected had they filed under statutory law applicable for dissolution. The directors of the Riddle Corporation had ignored the applicable statute and neglected to file the required accounting with the court.

The issue thus presented to this court in the case at bar is whether or not defendants followed the statutory procedure for dissolution. Before this issue is reached, however, the initial question of whether Baederwood, Inc., had a contingent liability to plaintiff must be answered.

The agreement by Baederwood, Inc., to assume the responsibility for collecting the improvement costs must be the basis of any alleged obligation of Baederwood, Inc., to plaintiff and the foundation of any contingent liability, which should have been provided for during the dissolution. Although a responsibility to collect from others is not a promise by Baederwood, Inc., that it personally obligated itself to pay these costs, it does impose an obligation on Baederwood, Inc., to collect these improvement costs. Damages for the breach of

such an obligation would be measured by the amount necessary to restore plaintiff to the position it would have had if the promise to collect had been fulfilled, i.e., receipt by plaintiff of the sums chargeable against the persons from whom Baederwood, Inc., but for its dissolution, would have been able to collect. See Heaney v. Riddle, supra, page 459. On this basis the court can conclude that there was a potential or contingent liability running from Baederwood, Inc., to plaintiff.

Thus the essential issue of the propriety of the dissolution of Baederwood, Inc., is raised. At this point it would be well to consider the statutory dissolution procedures in Heaney v. Riddle, supra. Under the terms of the Act of April 9, 1856, P. L. 293, §501, a petition for dissolution had to be presented to the court of common pleas and all accounts settled and approved by the court before dissolution could be properly effected. The directors of the Riddle Corporation did not file an account with the court and their dissolution was not in accordance with the law and thus it was not properly effected.

In the case at bar, the applicable dissolution provisions are found in the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §§2852-1101, 1112.

That law provides for the voluntary dissolution of a business corporation after the commencement of business operations upon the written agreement of all shareholders or upon a board resolution of dissolution and a majority approval thereof by the shareholders: 15 PS §2852-1102. After the issuances of a certificate of election to dissolve, 15 PS §2852-1103, the board of directors is vested with the full power to wind up the corporate affairs. The board must give notice of dissolution to all known creditors and claimants: 15 PS §2852-1104. The board may petition the court of common pleas for court supervision, but this is not mandatory, unlike the prior practice: 15 PS §2852-1104.

After payment of or provision made for all debts, liabilities and obligations and the distribution of the remaining property to the shareholders, articles of dissolution are executed, which include a statement that all debts, liabilities and obligations are paid for or provided for. After approval of these articles, the Secretary of State then issues a certificate of dissolution and the corporate existence ceases: 15 PS §2852-1105.

The articles of dissolution filed by Baederwood, Inc., did not include any provision for its potential or contingent liability to plaintiff. Therefore, on the basis of the applicable statutory law, the issue is whether the directors of Baederwood, Inc., were required to make provision for the contingent liability owed to plaintiff, and this in turn is dependent on whether or not plaintiff was a "known creditor" within the meaning of section 1104, so as to require the Baederwood, Inc., directors to give plaintiff notice of dissolution and provide for the contingent liability.

If plaintiff was not a "known creditor," then no notice to them or provision for this claim was required and then the directors of Baederwood, Inc., would have dissolved according to law and would be protected from the liability alleged in this action. However, if plaintiff was a "known creditor," then, since no provision was made for the contingent liability and this contingent liability was omitted from the articles of dissolution, the directors of Baederwood, Inc., would not have dissolved the corporation in accordance with the law and they would be subject to the liability herein alleged under the theory followed in Heaney v. Riddle, supra.

Paragraph 16 of the complaint and the corresponding paragraphs of the other counts aver that the directors knew of the existence of a potential liability to plaintiff. For purposes of the demurrer, this must be accepted as true. The court must accept as a fact that

when the directors of Baederwood, Inc., were dissolving the corporation, they had knowledge of the potential liability of Baederwood, Inc., to plaintiff under the terms of the agreement to assume responsibility to collect the improvement costs. Therefore plaintiff was a known creditor and since no provision was made during dissolution for its claim, the directors of Baederwood, Inc., did not dissolve according to law and under the rule enunciated in Heaney v. Riddle, supra, the directors, as liquidating trustees, can be liable to plaintiff.

Plaintiff should be allowed to proceed to trial to prove its contentions.

And now, to wit, September 11, 1959, in view of the foregoing, it is ordered, adjudged and decreed that the preliminary objections filed by defendants O'Brien and Coleman be and are dismissed and they are granted leave to file an answer within 20 days from date of this opinion.